# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Dominick D. Mitchem,
     Petitioner


     vs                       Case No. 1:03cv580
                              (Weber, Sr. J.; Hogan, M.J.)


Marc Houk,
     Respondent

---

## REPORT AND RECOMMENDATION

---


Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, as amended, respondent's amended return of writ and petitioner's traverse. (Docs. 10, 11, 12).

### Procedural Background

The 2001 term of the Hamilton County, Ohio, grand jury indicted petitioner on one count of felonious assault as defined in Ohio Rev. Code §2903.11(A)(2), with specifications, one count of inducing panic as defined in Ohio Rev. Code §2917.31(A)(3) with specifications, and one count of having weapons while under disability as defined in Ohio Rev. Code § 2923.13(A)(3). (Doc. 4, Ex. A). After a trial by jury, petitioner was found guilty of felonious assault and not guilty of inducing panic. (Doc. 4, Ex. B). The trial court dismissed the having weapons while under disability charge and the specification to the felonious assault charge,

at the state's request.  (Doc. 4, Ex. C). The court sentenced petitioner to eight years in prison. (Doc. 4, Exs. D, E).

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, raising the following assignments of error:

1. The trial court erred in not instructing the jury on the offense of aggravated assault as it related to the first count of the indictment..

2. Appellant was denied effective assistance of counsel at trial.

3. The verdict of guilty on felonious assault is contrary to law and against the manifest weight of the evidence.

4. The verdicts for count one and count two are inconsistent and therefore the verdicts for count one must be set aside.

5. The sentencing provisions of sections 2903.11 and 2923.02 of the revised code are inconsistent with one another in violation of appellant's constitutional rights.

(Doc. 4, Ex. J).  On December 18, 2002, the Ohio Court of Appeals affirmed the trial court's judgment.  (*Id.,* Ex. L).

Petitioner timely appealed through counsel to the Supreme Court of Ohio, raising the first three claims he had presented to the Ohio Court of Appeals.  (*Id.*, Ex. T).  On May 7, 2003, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.  (*Id.,* Ex. U).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief and supporting facts which are quoted verbatim:

**GROUND ONE:** The trial court erred in not instructing the jury on the offense of aggravated assault as it related to the first count of the indictment.

Supporting facts: Where the defendant presents sufficient evidence of

2

serious provocation, an instruction must be given to the jury.

**GROUND TWO:** Appellant was denied effective assistance of counsel at trial.

Supporting facts: Where the evidence is clear that the Defendant acted in a sudden passion as a result of serious provocation, it was error for his counsel to not request an instruction on aggravated assault in violation of his Fifth and Sixth Amendment rights.

**GROUND THREE:** The verdict of guilty on felonious assault is contrary to law and against the manifest weight of the evidence.

Supporting facts: 1. Where the evidence was that the defendant fired a shot into the air; that he pointed his gun at another; and that he waved his gun in the air, the evidence is insufficient to constitute felonious assault. 2. Where the trier of facts loses its way in determining the elements of felonious assault, its verdict of guilty is against the manifest weight of the evidence.

(Doc. 10, Amended Habeas Petition).

In the return of writ, respondent argues that the petition lacks merit. (Doc. 11).

## OPINION

### I. Petitioner is not entitled habeas corpus relief with respect to his sufficiency of the evidence claim and his manifest weight of the evidence claim is not cognizable in these proceedings.

As his third ground for relief, petitioner argues that his conviction for felonious assault was not supported by sufficient evidence and was against the manifest weight of the evidence.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary

3

to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

When a state court fails to address the constitutional issues raised, the federal court conducts a *de novo* review, instead of applying the AEDPA's standard of review which applies only to cases "adjudicated on the merits in

4

state court." *Maples v. Stegall,* 340 F.3d 433, 436-437 (6th Cir. 2003) (finding that in *Wiggins v. Smith,* 539 U.S. 510 (2003), the Supreme Court reviewed *de novo* portion of claim not analyzed by state court, without deferring to the state court or applying AEDPA's standard of reasonableness); *see Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003); *Davis v. Secretary for the Dep't of Corrections,* 341 F.3d 1310, 1312 (11th Cir. 2003).

The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). When petitioner raises an insufficiency of evidence claim in a petition for a writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). This standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the jury which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (*per curiam*), *cert. denied,* 490 U.S. 1049 (1989).

The Due Process Clause of the Constitution only forbids convictions based on "evidence insufficient to persuade a rational factfinder of guilt beyond a reasonable doubt." *Tibbs v. Florida,* 457 U.S. 31, 45 (1982). As both the United States and Ohio Supreme Courts have recognized, the standard employed when reviewing a claim that a guilty verdict was against the manifest weight of the evidence is both quantitatively and qualitatively different from the standard used when considering a constitutional due

5

process claim based upon the sufficiency of evidence.  *See id.* at 44-45*; State v. Thompkins,* 678 N.E.2d 541, 546 (Ohio 1997), *superseded by state constitutional amendment on other grounds in State v. Smith,* 684 N.E.2d 668 (Ohio 1997); *see also State v. Mardis,* 729 N.E.2d 1272, 1274 (Ohio Ct. App. 1999), *motion for delayed appeal denied,* 755 N.E.2d 354 (Ohio 2001).

   The manifest weight of evidence standard is a broader test than the standard used to evaluate the sufficiency of evidence.  *State v. Martin,* 485 N.E.2d 717, 720 (Ohio Ct. App. 1983); *see also State v. Thompson,* 713 N.E.2d 456, 468 (Ohio Ct. App.), *appeal not allowed,* 700 N.E.2d 334 (Ohio 1998); *cf. Tibbs,* 457 U.S. at 41-45.  In essence, sufficiency, which implicates due process concerns, tests the adequacy of the evidence in proving the essential elements of the offense charged and presents a question of law, which may not be resolved by the reviewing court through weighing the evidence.  In contrast, in determining whether reversal is warranted based on the weight of the evidence, the appellate court sits as a "thirteenth juror" to assess the jury's resolution of conflicting testimony upon review of the entire record, which includes weighing the evidence and all reasonable inferences and considering the credibility of witnesses.  *Thompkins,* 678 N.E.2d at 546-47; *see also Tibbs,* 457 U.S. at 41-42; *Martin,* 485 N.E.2d at 720-21.

   As the Supreme Court explained in *Tibbs,* 457 U.S. at 43, unlike a reversal on the ground of insufficient evidence, a reversal based on the weight of the evidence "does not mean that acquittal was the only proper verdict."  Rather, a reversal based on the weight of the evidence "can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.  The reversal simply affords the defendant a second opportunity to seek a favorable judgment."  *Id.* at 42-43.

   A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law."  *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.), *cert. denied,* 488 U.S. 866 (1988).  Accordingly, this Court concludes petitioner's claim in ground three of the petition that his felonious assault conviction was against the manifest weight of the evidence does not implicate constitutional concerns, but, instead, only raises an issue

of state law that is not cognizable in this federal habeas corpus action.

On the other hand, petitioner's sufficiency of evidence claim raises a constitutional issue which this Court may consider. The Ohio Court of Appeals addressed petitioner's insufficiency of evidence claim, as follows:

> In viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state had proved the elements of felonious assault beyond a reasonable doubt. During the trial the state presented evidence that Mitchem held a gun to Larry Washington's back and took several items from him around 5 p.m. on July 20, 2001. Later that same night, Mitchem drove around looking for Washington. When Mitchem found Washington, he told him not to run because he wanted to talk to him. Washington testified that he saw Mitchem holding a gun, so he ran. Washington then obtained a gun from his cousin, who was nearby. Washington testified that he heard a shot while he was running and started shooting back. Both Mitchem and Washington fired more shots, and a gun battle ensued in the street. A two year-old child was seriously wounded when he was hit by a stray shot from Mitchem's gun.[1]

(Doc. 4, Ex. L at 3-4).

Ohio Revised Code § 2903.11 defines felonious assault as knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

Petitioner argues that the evidence is insufficient to constitute felonious assault because he merely pointed the gun, waved it in the air and shot into the air. However, the evidence is otherwise. Several witnesses testified that petitioner ran after Larry Washington and shot at him including Larry Washington (Tr. 301, 317, 320), Jason Baker (Tr. 213, 223), and Mario

---

[1]This finding is not consistent with the state's position during opening statements that it was not petitioner who shot the child. (Tr. 111).

Ginyard (Tr. 275, 277). Viewing this evidence in the light most favorable to the prosecution, any rational juror could have found petitioner guilty of felonious assault beyond a reasonable doubt because petitioner chased Larry Washington and attempted to cause physical harm to him by shooting him with a gun. Accordingly, the ruling of the Ohio Court of Appeals on the sufficiency of evidence with respect to felonious assault comports  with the United States Supreme Court's *Jackson* standard and was based on a reasonable assessment of the facts in light of the record evidence.

Petitioner is not entitled to habeas corpus relief with respect to his third claim.

### II.  Petitioner is not entitled to relief based on the claim alleged in ground one challenging the trial court's failure to instruct the jury on the inferior offense of aggravated assault.

As his first ground for relief, petitioner argues that the trial court should have instructed the jury on the inferior degree offense of aggravated assault because petitioner was provoked by Larry Washington. [2]

The Ohio Court of Appeals addressed petitioner's claim:

R.C. 2903.12, the aggravated assault statute, provides that "[n]o person while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another * * * ; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *."  A defendant is not entitled to an instruction on aggravated assault unless he has presented sufficient evidence to convince reasonable minds that there was serious provocation.

---

[2] Aggravated assault is not a lesser included offense of felonious assault, *see State v. Deem,* 533 N.E.2d 294 (Ohio1988), but rather an offense of inferior degree of felonious assault because its elements are the same except for the additional mitigating element of serious provocation, *see State v. Mack,* 694 N.E.2d 1328 (Ohio 1998).

Our review of the record reveals that Mitchem never asked the trial court to instruct the jury on aggravated assault. Mitchem maintains on appeal, however, that such an instruction should have been given when the evidence at trial demonstrated that, after he had approached Washington, Washington ran away from him, obtained a gun, and then began shooting at him. Mitchem contends that Washington's actions were reasonably sufficient to provoke him into using deadly force. We disagree.

There is ample evidence that Mitchem himself provoked the gun battle. The state presented evidence that Mitchem took Washington's money and was later driving around looking for him. When Mitchem found Washington, Washington testified, Mitchem yelled at him, jumped out of his car, and chased him down the street while shooting at him. Given these facts, we cannot say that trial court erred in failing to give an aggravated-assault instruction.

(Doc. 4, Ex. L at 1-3) [citations omitted]. The state court's factual findings with respect to the offense are entitled to a presumption of correctness. [3]

To the extent petitioner claims he is entitled to relief because the trial court committed error or otherwise abused its discretion under state law governing the giving of inferior degree offense instructions, he raises issues of state law only that are not cognizable in this federal habeas corpus proceeding. A federal court may review a state prisoner's habeas corpus petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.), *cert. denied,* 488 U.S. 866 (1988); *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.

---

[3] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has not provided clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, petitioner has not demonstrated that such findings are erroneous.

1988), *cert. denied,* 488 U.S. 1011 (1989).

Turning to the constitutional issue, the United States Supreme Court held in *Beck v. Alabama,* 447 U.S. 625 (1980), that a defendant in a capital murder case has a constitutional right to have the jury instructed on a lesser included offense in certain situations. *Beck,* 447 U.S. at 638. When a jury is given only two options, "not guilty" and "guilty of capital murder," the risk that the jury will convict when it has reasonable doubt is too great; therefore, in that limited context, a lesser included non-capital offense instruction is required when there is evidence to support it. *Id.* The Court in *Beck* expressly declined to decide "whether the Due Process Clause would require the giving of such instruction in a non-capital case." *Id.* at 638 n.7. To date, the Supreme Court has not held that due process requires the giving of a lesser included offense instruction in a non-capital case. *See Samu v. Elo,* 14 Fed.Appx. 477, 479 (6th Cir. July 9, 2001) (per curiam); *Dickerson v. Dormire,* 2 Fed.Appx. 695, 696 (8th Cir. Mar. 20, 2001) (per curiam); *Robinson v. North Carolina Attorney General,* 238 F.3d 414 (table), No. 99-7530, 2000 WL 1793060, at **1 (4th Cir. Dec. 7, 2000) (per curiam) (unpublished); *Traylor v. Price,* 2005 WL 2137793, at *11 (W.D. Mich. Aug. 1, 2005); *Rodgers v. Stine,* 73 F.Supp.2d 778, 784 (E.D. Mich. 1999).

In 1990, the United States Court of Appeals for the Sixth Circuit addressed this issue in *Bagby v. Sowders,* 894 F.2d 792 (6th Cir.) (en banc), *cert. denied,* 496 U.S. 929 (1990). The court refused to extend *Beck* to the non-capital context on federal habeas corpus review of a state conviction, reasoning as follows:

> It appears to us that the Supreme Court's opinion in *Beck* is grounded upon Eighth Amendment concerns, rather than those arising from the Due Process Clause of the Fourteenth Amendment. If we are correct in that assessment, then we are not required to extend *Beck* to noncapital cases. Instead, we must determine whether the error asserted by Bagby is of the character or magnitude which should be cognizable on collateral attack. Is the failure to instruct on lesser included offenses in noncapital cases such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with rudimentary demands of fair procedure? . . . Experience tells us

10

that it is not.

Our view, that it is not an error of such character and magnitude
to be cognizable in federal habeas corpus review, is shared by a
majority of the circuits. . . .

*Bagby,* 894 F.2d at 796-97 (citations omitted).  The court postulated it was
"conceivable" that claims such as petitioner's might be cognizable on federal
habeas review where "a fundamental miscarriage of justice is found to have
resulted from the arbitrary and unsupportable denial of a lesser included
offense instruction in clear defiance of state law."  *Id.* at 795; *see Koras  v.
Robinson,* 123 Fed.Appx. 207, 214 (6th Cir. Feb. 15, 2005); *Williams v.
Hofbauer,* 3 Fed.Appx. 456, 457 (6th Cir. Feb. 6, 2001), *cert. denied,* 534
U.S. 964 (2001); *Traylor,* 2005 WL 2137793, at *11.   The court emphasized,
however, such occasions would occur only in the "most unusual
circumstances," such as where the failure to give the instruction likely
resulted in the conviction of an innocent person, because "it is not the
function of a federal habeas court to correct errors in state law" and because
the conclusion of the state's highest court that a defendant's request for a
lesser included offense instruction is not warranted by the evidence elicited at
trial "is axiomatically correct, as a matter of state law." *Bagby,* 894 F.2d at
795; *see also Todd v. Stegal,* 40 Fed.Appx. 25, 28 (6th Cir. Apr. 12, 2002),
*cert. denied,* 537 U.S. 981 (2002); *Johnson v. Abramajtys,* 951 F.2d 349
(table), No. 91-1465, 1991 WL 270829, at **9 (6th Cir. Dec. 17, 1991)
(unpublished).

Because the United States Supreme Court expressly reserved and to
date has not decided the issue whether the failure to give a lesser included
offense instruction in a non-capital case violates the Due Process Clause, the
state appellate court's decision affirming the trial court's failure to give
instructions on the inferior degree offense of aggravated assault is not
contrary to or an unreasonable application of clearly established Supreme
Court precedent.  *See Leary v. Garraghty,* 21 Fed.Appx. 149, 149 n.* (4th Cir.
Oct. 23, 2001) (per curiam), *cert. denied,* 535 U.S. 1024 (2002);  *Samu,* 14
Fed.Appx. at 479; *Dickerson*, 2 Fed.Appx. at 696; *Rodgers,* 73 F.Supp.2d at
783-84.  Petitioner also has not demonstrated that the state appellate court's
decision was based on an unreasonable determination of the facts.   In
assessing the merits of petitioner's claim, the state court made findings of fact

11

which are presumed correct. These findings are based on evidence admitted at petitioner's trial, and petitioner has not presented clear and convincing evidence to rebut the presumption of correctness to be accorded them.

To the extent the Sixth Circuit's standards for securing habeas corpus relief enunciated in *Bagby* survive the standard of review which was established by amendments to 28 U.S.C. § 2254(d) made in 1996 by way of the Antiterrorism and Effective Death Penalty Act (AEDPA), petitioner has not shown that his case involves "most unusual circumstances," where a fundamental miscarriage of justice has resulted from the trial court's arbitrary and unsupportable failure to give the inferior-degree offense instruction in clear defiance of state law. *See, e.g., Todd,* 40 Fed.Appx. at 28-29 (applying *Bagby* standard in post-AEDPA case); *Samu,* 14 Fed.Appx. at 479 (same); *Webb v. Kapture,* No. 99-CV-74411-DT, 2001 WL 739501, at *9-11 (E.D. Mich. May 21, 200l) (unpublished) (same), *aff'd,* 61 Fed.Appx. 230 (6th Cir. Apr. 17, 2003). In this case, the state appellate court determined that jury instructions on the inferior degree offense of aggravated assault were not warranted because no reasonable jury could find that petitioner had established sufficient provocation under state law based on the evidence that petitioner first robbed Larry Washington, and later confronted him with a gun and chased him down the street. This determination was not arbitrary, but were reasonably based on evidence elicited at trial. Moreover, petitioner has not shown that the determination was made in clear defiance of state law, particularly in light of the "considerable deference" due to the state courts in the application of their own law. *See Bagby,* 894 F.2d at 794. Finally, and most importantly, this is not the unusual case contemplated by *Bagby* where a failure to give the requested instructions amounted to a fundamental miscarriage of justice that was likely to have resulted in the conviction of an innocent person. *See id.* at 795; *see also Traylor,* 2005 WL 2137793, at *11; *Rodgers,* 73 F.Supp.2d at 785.

Accordingly, in sum, this Court concludes that (1) to the extent petitioner alleges a violation of state law in Ground One of the petition, his claim is not cognizable in this federal habeas corpus proceeding; and (2) in any event, petitioner is not entitled to habeas corpus relief based on the merits of the constitutional claim alleged in Ground One, because the Ohio appellate court's adjudication of this claim neither was contrary to nor involved an unreasonable application of clearly established Supreme Court precedent,

was not based on an unreasonable determination of the facts, and failed to satisfy the standard enunciated in the Sixth Circuit's *Bagby* case for review of such claims only in extraordinary circumstances.

### III. Petitioner is not entitled to habeas corpus relief with respect to his ineffective assistance of counsel claim asserted as ground two.

As his second ground for relief, petitioner alleges that his counsel was constitutionally ineffective for failing to request a jury instruction on aggravated assault.

To demonstrate that counsel's performance was constitutionally ineffective*,* petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner

13

need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

In this case, the Ohio Court of Appeals found that "because the evidence did not support an instruction on aggravated assault, we cannot say that defense counsel was ineffective in failing to request the instruction." (Doc. 4, Ex. L at 3). As the Ohio Court of Appeals determined, the evidence demonstrated that petitioner provoked the outbreak of violence, not Larry Washington. Under these circumstances, counsel was not likely to secure an aggravated assault instruction had he requested one and even if the instruction had been provided, it would not reasonably likely have changed the verdict. Accordingly, counsel's actions in failing to request the instruction did not prejudice petitioner. In the absence of a showing of prejudice, petitioner's ineffective assistance of counsel claim must fail.

Accordingly, the adjudication of the Ohio Court of Appeals on petitioner's ineffective assistance of counsel claim was neither contrary to nor involved an unreasonable application of clearly established Supreme Court precedent including *Strickland* and was not based on an unreasonable determination of the facts. Petitioner is therefore not entitled to relief with respect to his second claim.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 10) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims, because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-484 (2000)) (in turn quoting *Barefoot v.*

14

*Estelle,* 463 U.S. 880, 893 n.4 (1983)).

    3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:   9/12/2005                      s/Timothy S Hogan          
hr                                             Timothy S. Hogan
                                             United States Magistrate Judge

J:\ROSENBEH\2254(2005)\03-580suff&lessincl.wpd

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

Dominick D. Mitchem,
      Petitioner

vs                         Case No. 1:03cv580
                                (Weber, Sr. J.; Hogan, M.J.)

Marc Houk,
      Respondent

_____

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:03cv580   doc.26

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Dominick D Mitchem<br>#416-374<br>London Corr. Inst.<br>PO Box 69<br>London, OH 43140 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0936 |

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540